LASHURE *v.* THE EAST OHIO GAS CO.

(Decided February 13, 1928.)

*Messrs. Bernon, Mulligan, Keeley & Le Fever,* for plaintiff in error.

*Messrs. Tolles, Hogsett & Ginn,* for defendant in error.

SULLIVAN, P. J. This cause is here on error proceedings from the court of common pleas of Cuyahoga county, and the real question is whether what is known as the *Lubric case,* being *Sobolovitz* v. *Lubric Oil Co.,* 107 Ohio St., 204, 140 N. E., 634, has application to the facts in the record here. The Supreme Court in that case decided that "an inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

It is alleged in the petition that on the 28th day of November, 1924, a man in overalls, with a crowbar or some other similar instrument, in front of a store near One Hundred and Seventy-second street and Lorain avenue, chipped a portion of a cement sidewalk that, prior thereto, had been laid and extended, for the purpose of exposing a gas valve and shut-off in the sidewalk that had been covered by the contractor who previously laid the cement, and that it became necessary, in order to use the shut-off, to expose it again so as to make it susceptible of operation. The hole thus made was about 12 inches in diameter and 4 inches deep, and the plaintiff, Lydia Lashure, collided with said shut-off, thus exposed, and received injuries for which a recovery was sought. After a jury was impaneled and the trial of the case proceeded, upon completion of the plaintiff's testimony both defendants moved for a directed verdict, and the court granted the motion of the East Ohio Gas Company and entered judgment in its favor, and overruled the motion of the city of Cleveland which has since been dismissed from the case, leaving now only the issue between the plaintiff and the East Ohio Gas Company.

The court sustained the motion on the decision of the *Lubric case, supra.*

The question therefore arises whether, as a matter of law, the court was right in sustaining the motion, or whether it committed error by not overruling the motion and allowing the case to go before the jury on the evidence, which consisted, with the exception of the circumstantial evidence, of the testimony of one Coffin, a young man who testified that on the day in question he saw a man in overalls, with an instrument in the nature of a crowbar, pounding the sidewalk in the vicinity of the valve, or shut-off; but the evidence is not clear that the designated place of the work was the location of the concealed gas valve, which was exposed to view and put in use for operation by the chipping away of the cement around it to the extent of the area above noted.

The substance of the testimony is that young Coffin, employed in a store fronting the sidewalk, saw a man in overalls, with the instrument aforesaid, pound at the sidewalk for a period of about 15 minutes, and, thereafter, in front of the next door, which was another business house, and that he saw him get into a wagon with the tool with which he operated, and thereupon the driver, another person, and the man in overalls, so called, drove towards town, to wit, the city of Cleveland. It is argued that the chain of circumstances consisting of the valve or shut-off, if concededly the property of the East Ohio Gas Company, the man in the overalls working in the vicinity thereof, as aforesaid, and his jumping upon the wagon and proceeding towards town with the driver, were elements sufficient to go to the

jury under charges of negligence, as follows: That the East Ohio Gas Company constructed its shut-off in a defective manner by placing the top 4 inches below the level of the sidewalk; that it chipped said sidewalk so that it left a hole 12 inches in diameter and 4 inches deep in the sidewalk; and that, after the digging of said hole, said shut-off was put in place, and the condition was permitted to exist, thereby creating a nuisance. The fourth, fifth, and sixth specifications are, in substance, that the gas company had failed to report and warn plaintiff of the defective condition. Thus it became necessary to prove that the man in overalls was an employee of the gas company, and that he was upon the business of his master, and acting in the scope of his employment, performing the act duly authorized by the East Ohio Gas Company, and, of course, that there is not knowledge.

There can be no legal inference based upon any substantive evidence, either of a positive, circumstantial, or inferential character, from the fact alone of the man in overalls chipping the sidewalk, as above noted, that he was in the employ of the gas company. The circumstance must be connected with some other fact or circumstance in the case, because standing alone it has no evidentiary value of which judicial cognizance could be taken in law. It is sought, however, to connect the man and the act with the fact that upon the conclusion of his work he went to the curb and jumped upon a wagon that had painted thereon the name of the East Ohio Gas Company, the driver of which then and thereupon went towards town. It is urged that this combination of circumstances was evidence sufficient to go

to the jury, based upon the authority of the *Lubric case, supra.*

Now does this series of circumstances or acts tend to prove all the essential elements that are necessary to constitute a cause of action and create a liability under the *Lubric case?* We think not.

In order to get the gist of that opinion, as it applies to this case, we quote the following excerpt from page 209 of 107 Ohio State (140 N. E., 635): "This court would be loath to lay down a rule which would relieve the plaintiff of the burden of proving the essential facts necessary to create liability and impose upon the defendant in the first instance the burden of proving the non-existence of such facts. But, on the contrary, the majority of this court adhere to the rule that before the defendant is put upon his defense the plaintiff must produce some proof of every fact necessary to create a liability, or some proof of a fact from which a reasonable inference may be deduced which tends to create a liability, and that an inference cannot be predicated upon an inference. To sustain the verdict in this case would require the enunciation of a rule creating liability upon the part of the master, upon proof of a fact from which the master's ownership of the truck causing the injury might be inferred, without any proof of the relationship between the operator and the master, and without any proof of the nature of the enterprise in which the operator of the truck was engaged, and would place upon the defendant the burden of proving the non-existence of the relationship of master and servant, and that the truck was not being operated in behalf of the owner. We are not disposed to revolutionize the practice in that respect."

It is axiomatic, from the testimony in the case, that the action of the man in overalls and his riding upon the truck would have no value in law to make the defendant below liable, unless the driver of the automobile was, at the time, an employee of the East Ohio Gas Company and acting within the scope of his employment, because if he were not, then we have no circumstance excepting a stranger working in the vicinity of the valve or shut-off, chipping the cement around it, and that alone has no positive or inferential value as bearing upon the relation of master and servant, principal and agent, or any other connection which would bind the East Ohio Gas Company. Therefore, while there may be an inference that the truck belonged to the East Ohio Gas Company, simply because the name thereof was painted thereon, yet there is a fatal deficiency, in that there is no evidence, positive, circumstantial, or inferential, that connects the driver of the wagon with the company as its agent or employee, or as one otherwise duly authorized in the premises, and without this there is no legal significance to the circumstance and the conduct of the man in overalls, so called.

There are many inferences without this necessary connection which are capable of being drawn. The man might be the contractor who made the mistake in covering the shut-off with cement, or he might be somebody authorized by the contractor to come and correct the mistake upon the complaint of some one interested, or he might be some one connected with the store, contiguous to the sidewalk, because the purpose of its being there was for the use of the occupants along the street. These are natural in-

ferences, because it is a presumption that the contractor who made the serious mistake was the one who was most obligated to correct it; but if there were not lacking that legal *nexus* between the workman and the driver of the wagon, it might be said, if there were credible evidence, that the driver was an employee and duly authorized in the premises, and that the workman was an employee of the East Ohio Gas Company. But there is lacking that legal *nexus*, just as in the *Lubric Oil case*, where the Supreme Court held that, while the word "Lubric" might be the source of an inference as to the ownership of the wagon, there was still another essential fact, to wit, the authority of the driver and his employment by his principal in the business in which he was engaged. Therefore, the identical principle that was in the *Lubric case, supra*, appears in this case, namely, no evidence of any evidentiary nature of the character of the driver, and inasmuch as the connection between the workman and the driver is decisive in the instant case, it is just as important to prove the relationship of the driver with the master as it was in the *Lubric case*. Just as though the workman stood alone, there is no evidence connecting the master with the particular employment from the fact that the wagon was at the curb side, and had painted thereon the name of the East Ohio Gas Company. That alone would not prove that the workman was the employee of the gas company. Neither would it prove that the wagon was there for the purpose of carrying the workman and the tools with which he did his business to the shut-off, and carrying them back home again, and neither would the driver sitting on the wagon painted with

the name of the East Ohio Gas Company prove that he was there on the business of his master, under his employ, and for the purpose of carrying the workman and his tools to his place of work. There must be a combination of all these circumstances in order to have any conclusion whatsoever. They are mere inferences; or one inference built upon another inference. The combination of all the circumstances fails to be the source of any inference that settles the status of the driver, and that status determines whether the wagon and tools, the property apparently of the East Ohio Gas Company, were there for the purpose of aiding the workman in removing the cement from the valve or shut-off.

It is a well-settled proposition of law that in a case of this character employment must be shown by evidence, and it must be evidence which is a fact itself, or must be a fact from which can be inferred the evidence necessary to create liability against the defendant. If there is here any evidence that tends to prove that the driver was the agent of the company, it is an inference derivable from the combination of circumstances which connects the workman and his work with the fact that he got on the wagon that was standing at the curb, and therefore it is an inference built upon an inference, upon which must rest through the driver the connection of the workman with the East Ohio Gas Company, and this, in our opinion, is contrary to the doctrine laid down in the *Lubric case, supra.*

In the case of *Jacob Laub Baking Co.* v. *Middleton,* decided April 5, 1926, by our own Court of Appeals in an opinion written by Mauck, P. J., the learned judge aptly says, as bearing upon the im-

portance of showing the agency of the driver: "As we have already indicated, the test of the defendant's liability is not his ownership of the truck, but the agency of the offending driver. The only inference that can be drawn from the testimony in this case is that the truck that struck Mrs. Middleton was the property of the Baking Company, and that was the precise inference that the court held might have been drawn from the facts shown in the *Sobolovitz case.* Inasmuch as one inference cannot be predicated upon another inference it was not competent after evidence thus inferred, that the Baking Company owned the machine, to have drawn therefrom the further inference that it was driven by an employee of that company, and, even if the latter inference or guess might be indulged, liability would not attach to the defendant unless a third inference be tolerated; that the agent was 'engaged upon his employer's business and acting within the scope of his employment.' "

It is well to keep in mind the third paragraph of the syllabus in the *Lubric case, supra,* which is as follows: "Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury."

However, outside of the doctrine laid down in the *Lubric case,* we do not think it is necessary to resort to the question of an inference upon an inference. It is our judgment that in the combination of circumstances it is necessary to show the agency of the driver. Otherwise there is no connection be-

tween the workman and the East Ohio Gas Company.

It is our judgment, therefore, that there is no prejudicial error, and that the judgment of the lower court should be affirmed.

*Judgment affirmed.*

LEVINE, J., concurs.

VICKERY, J., dissenting. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below the plaintiff, Lydia Lashure, was injured in an excavation on the sidewalk out at Kamm's Corners and Lorain avenue in the city of Cleveland. She brought a suit against the East Ohio Gas Company, who, she claims, made the excavation in the sidewalk. At the trial of the action, upon conclusion of plaintiff's testimony, the defendant gas company made a motion for a directed verdict, which the court granted, and it is to reverse that judgment that error is prosecuted here.

The majority of the court think that this case comes within the case of *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634, and this seems to have been the opinion of the trial judge, and so, after the testimony of the plaintiff was concluded, he directed a verdict on the ground that there was no evidence to go to the jury that the gas company had made this excavation.

I cannot agree with the majority of the court and feel it my duty to give my reasons why I dissent.

It seems to have been the opinion of the court below, basing it upon the *Lubric Oil case, supra,*

that, in order to hold the gas company, there must be an inference upon an inference. I do not agree with that. Let me recite the facts:

Some time prior to the happening of this accident, there was a sidewalk 2½ feet from the curb on Lorain avenue. The building of the plaintiff and perhaps other buildings, likewise, stood 11 feet inside the street line, and there was a concrete sidewalk up toward the curb line some 2½ feet therefrom, and then from the sidewalk to the building there were cinders, I believe. Prior to the happening of the event here involved, the owners of the various stores made a contract with a concrete contractor to fill out the sidewalk to the curb and to carry the sidewalk into the store buildings. I should say that in this 2½ feet of space, just next to the edge of the sidewalk, were the gas shut-offs owned and controlled by the East Ohio Gas Company, which furnished gas to the buildings adjoining, and for some reason the gas shut-off box here in question had been covered over; that the conto the edge of the sidewalk, were the gas shut-offs were, and so he covered them over with cement four inches thick. The other gas boxes having been discovered, he apparently made suitable arrangements for them, so that when he had finished his job the sidewalk in front of the building where the accident occurred was smooth from the curb to the building, and was in conformity with the remaining sidewalk.

Now, subsequently, a man in working clothes with a crowbar and tools was seen by an employee of the store digging out the concrete 2½ feet from the curb to uncover the gas box and shut-off, and he

made there and left in this sidewalk an opening one foot square, with the gas box, which I believe was covered with an iron lid, exactly in the center of this opening, but he did not turn the pipe, or whatever it might be, up to the level of the sidewalk and fill in with concrete, but left this hole there. He was then seen to take the tools and put them on a truck, on which was painted the name of the East Ohio Gas Company, and to drive away. Subsequently the plaintiff, who knew nothing of this situation, but lived a mile away, came along and stepped into this hole, and was injured, as she alleges.

The court, under this evidence, took the case from the jury on the theory as already announced.

Now is there here an inference upon an inference?

Analyzing the *Lubric Oil Company case,* the court held that they might infer from the word "Lubric" on the truck that the truck belonged to the Lubric Oil Company, but from this fact they would have to further infer that the driver was in the employ of the Lubric Oil Company and that he was acting within the scope of his employment—an inference to be drawn from an inference. But is that the situation in the instant case? Here were three facts all pointing to the same thing, not an inference upon an inference at all. In the first place, there was nobody interested in having this shut-off exposed except the gas company itself, unless the owner was interested in having the gas turned on and did it for that purpose; but the record disproves that proposition, so there is no person in the wide world who would be interested in having this shut-off exposed except the gas company. That supplies the

motive. Now here is evidence which says that a man in working clothes, with tools, made this excavation in the sidewalk. After the excavation is made he gets into a truck of the East Ohio Gas Company, which stands close by during the entire process of the making of this hole, and he puts the tools that he used on this truck and drives away. Now with the fact in mind that no one would be interested in uncovering this box except the gas company, and with the other facts that a workman was seen doing this work, and that that workman took the tools that he used and put them on this truck, which had the name of the East Ohio Gas Company painted thereon, it seems to me a complete case is made to go to the jury as to whether or not this work was done by the East Ohio Gas Company or its employee.

Instead of this case being like the *Lubric Oil Company case, supra,* it is more like the case of *Feinberg* v. *Tabor Ice Cream Co.,* decided March 23, 1919, by this court, which was refused admittance in the Supreme Court. That case distinguished the case of *White Oak Coal Co.* v. *Rivoux, Admx.,* 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas., 1914C, 1082. In the *Tabor Ice Cream Company case* this court held that there was proof to go to the jury when it was shown that a truck that was used was being driven by an employee of the Tabor Ice Cream Company, and that there was in the truck a receptacle for the carrying of ice cream, the business which the Tabor Ice Cream Company was engaged in. The inference to be drawn in that case was that the driver of the truck was using it in the business of the ice cream company, and this

court held, and I say the case was refused admittance to the Supreme Court, that the mere fact that the truck contained receptacles for dealing in the business in which the company was engaged was sufficient evidence to go to the jury that the truck was being operated in the company's business at the time of the accident.

If that was true, and I have no doubt about it, it is much more true in the instant case, as has already been pointed out.

Holding these views, I deem it my duty to dissent from the majority of the court and to express my views in this opinion. I think there was clearly an issue to go to the jury. Whether the jury would have found for the defendant or not is immaterial. There surely was not an inference upon an inference, but separate and succinct facts, all to prove the same proposition and that is: Who other than the East Ohio Gas Company could or would do this work? If the gas company showed that it did not do it, that it was done without its authority, why of course it would be entitled to a verdict, but without any evidence I think the court should have submitted the question to the jury.